# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD ANDREW WHITE, | CASE NO. 1:08-cv-00365 OWW DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| THE STATE OF CALIFORNIA, et al., | (Doc. 1) |
| Defendants. | |

## Screening Order

**I.     Screening Requirement**

Plaintiff Bernard Andrew White ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 19, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Summary of Plaintiff's Complaint**

Plaintiff names the State of California, Tehachapi Correctional Institution, Facility Captain Steadman, Correctional Lieutenant Boyer, Law Library Assistant Karlow, Correctional Officer T. Peterson and Correctional Lieutenant D. Randall as defendants. Plaintiff seeks money damages.

**A.     Immunity from Suit**

Plaintiff may not name the State of California nor Tehachapi Correctional Institution as defendants. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Plaintiff's claims fail as a matter of law.

**B.     Allegations Against Defendant T. W. Steadman**

A plaintiff's complaint must satisfy the requirement of Federal Rule of Civil Procedure 8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Swierkiewicz, 534 U.S. at 512. Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. Rule 8(a) also requires that the plaintiff give notice of the relief which he seeks from the defendants.

Plaintiff's complaint does not comply with Rule 8(a). Plaintiff's allegations against defendant Steadman are confusing and fails to place defendant on notice as to the basis of plaintiff's claims against him. Plaintiff alleges, "The T. W. Steadman assigned Correctional Captain Making foul play under Computer making rules under the Department". (Doc. 1, Complaint, p. 3). This allegation, which is seemingly unrelated to the sentences following it, makes no sense at all and does not constitute a claim for relief that comports with Rule 8.

Plaintiff fails to state a claim upon which relief may be granted against defendant Steadman.

### C.   Allegations against Defendants Boyer and Randall

Plaintiff alleges that defendant Boyer "found the plaintiff guilty to CDC 115 and punish plaintiff to a criteria that don't exist." (Id.). Plaintiff alleges that he filed an appeal. Plaintiff alleges that defendant Randall stated that plaintiff did not want a hearing and cancelled the appeal. Plaintiff asserts generally that he was assessed a 180 day loss of prison privileges. (Id.). Liberally construing Plaintiff's complaint, it appears that he alleges that such a punishment is not provided for under the departmental rules.

Although Plaintiff does not allege the constitutional basis for his claim against defendants, the Court construes it as one brought pursuant to the Due Process Clause of the Fourteenth Amendment. The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). Plaintiff's allegation that he lost "every" prison privilege, without more, does not sufficiently state a claim for relief for violation of

the Due Process Clause.

Further, "[a prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495.

Plaintiff fails to state a claim upon which relief may be granted against defendants Randall and Boyer.

### D.     Allegations Against Defendants Karlow and T. Peterson

Plaintiff alleges that defendants Karlow and T. Peterson, both of whom are assigned to the law library, refused to let Plaintiff have the Department Operations Manual. Plaintiff's allegation fails to rise to the level of a constitutional violation. Further, it does not appear that Plaintiff's claims against these individuals are related to the other claims alleged in the complaint. The Court shall provide plaintiff with the legal standards that may be applicable.

Plaintiff may not raise unrelated claims against different defendants in a single complaint. Fed. R. Civ. P. 18(a). "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (internal citations and quotations omitted).

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354, 2181-82. Claims for denial of access to the courts may

4

arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). For backward-looking claims such as that at issue here, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007).

The first element requires that plaintiff show he suffered an "actual injury" by being shut out of court. Harbury 536 U.S. at 415, 121 S.Ct. at 2187; Lewis, 518 U.S. at 351, 116 S.Ct. at 2180; Phillips, 477 F.3d at 1076. The second element requires that plaintiff show defendant proximately caused the alleged violation of plaintiff's rights, "[t]he touchstone . . . [for which] is foreseeability." Phillips, 477 at 1077. Finally, the third element requires that plaintiff show he has no other remedy than the relief available via *this* suit for denial of access to the courts. Id. at 1078-79.

### III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under federal law. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When a named defendant holds a supervisorial position, the causal link between that defendant and the claimed constitutional violation

5

must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, Plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **December 15, 2008**           /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE